UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LLOYDIE SANON-LAUREDANT,<br><br>Plaintiff,<br><br>v.<br><br>LTD FINANCIAL SERVICES, L.P.; and JOHN DOES 1-25,<br><br>Defendants. | Civ. No. 15-6529 (KM)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    This is a putative class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The plaintiff, Lloydie Sanon-Lauredant alleges that defendant LTD Financial Services, L.P. ("LTD") attempted to collect payment from her on a time-barred debt in a manner that violated the FDCPA. The FDCPA prohibits a debt collector from making a "false, deceptive, or misleading representation" or using "unfair and unconscionable means" in the course of collecting a debt. 15 U.S.C. §§ 1692(e)-(f).

    Before the Court is defendant LTD's motion for judgment on the pleadings under FED. R. CIV. P. 12(c). (ECF no. 5) For the reasons discussed below, I will grant the motion without prejudice to the filing of an amended complaint.

### I. BACKGROUND

    For purposes of this motion, I accept plaintiff's allegations as true. Sometime before February 2011, plaintiff Sanon-Lauredant incurred a financial obligation to Chase Bank. Sanon-Lauredant alleges that she made her last payment to Chase sometime around February 2011, and that thereafter, the

1

obligation went into default. Sometime after February 2011, Chase transferred the debt to LTD for collection. (*See* ECF no. 1 ("Cplt.") ¶¶ 17-22)

Sanon-Lauredant alleges that she received two collection letters from LTD that violated the FDCPA. The letters are dated January 12, 2015 and March 3, 2015, and they are similar in structure and content. (*See* ECF no. 1-2) Both letters extend a "settlement offer," which will "satisfy the debt with the current creditor." The letters offer three "payment plan" options. The January letter states that the balance on the debt is $2,281.15. However, it says that Sanon-Lauredant can make a single payment of $729.97 and thereby "save" $1,551.18. In the alternative, Sanon-Lauredant may opt to make 6 payments of $140.68 for a savings of $1,437.07, or she can make 12 payments of $79.84 for a savings of $1,323.07. The March letter contains different dollar amounts, but otherwise tracks the January letter.

According to the complaint, these letters violate the FDCPA because they do not tell Sanon-Lauredant (1) that the statute of limitations has run on the debt, making it unenforceable in court, and (2) that making a partial payment could restart the statute of limitations and potentially allow LTD to sue Sanon-Lauredant for the full amount of the debt.[1] (*See* Cplt. ¶¶ 32-41)

## II. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading.[2] Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies. *Id.*

---

[1] LTD disputes that the statute of limitations would be reset by a partial payment. (*See* ECF no. 5-1 p. 12 n.3) I do not reach this issue.
[2] LTD filed an answer to the complaint on September 29, 2015. (ECF no. 3)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*). A court may, however, "disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

The complaint is deficient in two respects. I will therefore grant the motion for judgment on the pleadings, but without prejudice to the filing of an amended complaint that remedies those shortcomings.

First, plaintiff has not sufficiently pled that the debt in this case is governed by the FDCPA. The FDCPA, by its terms, applies only to practices

3

aimed at collecting a "debt," a defined term. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987). Section 1692(a)(5) defines a "debt" thus:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . .

15 U.S.C. § 1692(a)(5).

To establish this threshold element of her FDCPA claim, plaintiff has merely repeated the language of the statute: "The alleged CHASE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes." (Cplt. ¶ 29) This allegation, unsupported by any facts, is a legal conclusion that does not satisfy the pleading requirements of Rule 8. *See Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 13-641, 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013)(finding nearly identical allegations insufficient to withstand a motion to dismiss) (citing *Vargas v. Frederick J. Hanna & Assoc.*, No. 12-3802, slip op. at 3-4 (D.N.J. Feb. 14, 2013)); *Johns v. Northland Group, Inc.*, 76 F.Supp.3d 590, 598 (D.N.J. 2014)(allegation that defendant attempted to collect "a consumer debt" was inadequate) (citing *Vaquero*); *see also Nicholas v. CMRE Fin. Servs., Inc.*, No. 08–4857, 2009 WL 1652275, at *2 (D.N.J. June 11, 2009) ("By limiting itself to the language of the statutes and failing to provide any facts specific to [plaintiff], the Complaint, as currently constituted, cannot meet the requirements of Rule 8(a)(2), *Iqbal* and *Phillips*, and this Court grants Defendant's motion with respect to Plaintiff's FDCPA claims.").

Second, the complaint fails to allege facts supporting the contention that the debt at issue is time-barred. The FDCPA claims are premised on the statute of limitations having passed; it is for this very reason that the communications Sanon-Lauredant received from defendants are alleged to be deceptive and misleading. (*See* Cplt. ¶¶ 12, 32-41 (alleging that plaintiff's debt is "time-barred" and that defendants failed to inform her that the statute of limitations

4

had run and could reset anew if she made a partial payment)) Therefore, if the statute of limitations has not in fact run, such a flaw would be fatal to the FDCPA claim.

The complaint repeatedly alleges that the debt in this case was time-barred. (*See e.g.*, Cplt. ¶¶ 12, 32-41) It also states that "[t]he applicable statute of limitations related to the CHASE obligation is three (3) years or less," without actually identifying the statute of limitations that applies. (Cplt. ¶ 36) These statements are mere legal conclusions that are not entitled to deference at the pleading stage. *See e.g.*, *Johns*, 76 F. Supp. 3d at 596 ("Plaintiff has not set forth in her Complaint sufficient information to show how the debt was time-barred. The starting and ending date of the statute of limitations are not alleged, and Plaintiff's claim that the debt is time-barred is a mere legal conclusion that the Court will disregard."); *Clark v. Unifund CCR Partners*, No. 07-266, 2007 WL 1258113, at *4 (W.D. Pa. April 30, 2007)(plaintiff's allegation that the debt was barred by the statute of limitations, without more, was "a vague legal conclusion" that was "legally insufficient under the FDCPA").

Moreover, LTD offers good reason to doubt that this conclusory allegation is in fact accurate. Defendant points out that under New Jersey law, a contractual debt is governed by a six-year statute of limitations. *See* N.J. Stat. Ann. § 2A:14-1 ("Every action at law for … recovery upon a contractual claim or liability … shall be commenced within 6 years next after the cause of any such action shall have accrued."); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 31 n.2 (3d Cir. 2011) (noting "New Jersey's six-year statute of limitations") (citing N.J. Stat. Ann. § 2A:14-1). LTD points out that if a six-year limitations period ran from the alleged default date of February 2011,[3] it would not expire until 2017. (ECF no. 5-1 p. 12 & n.1-2) Sanon-Lauredant has not responded to this argument, or even attempted to identify which state's statute of limitations

---

3   Sanon-Lauredant has not addressed LTD's argument that the claim accrued in November 2011. (*See* ECF no. 5-1 p. 12 & nn.1-2) For purposes of this motion, I accept Sanon-Lauredant's allegations regarding date of accrual. (*See* Cplt. ¶¶ 17-18)

she relies upon.[4] She may have cogent arguments to make, but she has not made them, and I will not resort to guesswork.

In addition to these pleading deficiencies, LTD contends that there is a larger, more substantive issue with plaintiff's claims. The FDCPA claims, says defendant, are not even viable in light of the Third Circuit's decision in *Huertas*, 641 F.3d 28. In that case, the Third Circuit found that an attempt to collect on a time-barred debt did not violate the FDCPA where the communication did not threaten litigation. *Huertas*, 641 F.3d at 33-34. For now, I set aside that issue of law. As a threshold matter, plaintiff must demonstrate that she can sufficiently allege the basic elements of her claim.

## VII. CONCLUSION

For the foregoing reasons, I will grant defendant's motion for judgment on the pleadings without prejudice to the filing of an amended complaint within 30 days. (ECF no. 5) An appropriate order is filed with this opinion.

Dated: June 22, 2016
Newark, New Jersey

*Kevin McNulty*

——————————————
**KEVIN MCNULTY**
**United States District Judge**

---

[4] I note, though, that New Jersey's statute may be intended, since the Complaint alleges, at least for venue purposes, that "the acts and transactions that give rise to this action occurred, in substantial part" in New Jersey. (Cplt. ¶ 3)